UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANS CHRISTIAN HEIM,

        Petitioner,        Case Number: 2:18-CV-12262

v.        HON. GERSHWIN A. DRAIN

LES PARISH,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. Dkt. No. 1. Petitioner Hans Christian Heim (Petitioner) is a state inmate currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan. *See id.* at p. 1 (Pg. ID 1). He has filed the pending petition challenging his convictions for third- and fourth-degree criminal sexual conduct. *See id.* For the reasons which follow, the petition will be dismissed.

I.

Following a jury trial in Otsego County Circuit Court, Petitioner was convicted of three counts of third-degree criminal sexual conduct and three counts of fourth-degree criminal sexual conduct. *See id.* at pp. 1-2 (Pg. ID 1-2). On April 7, 2016, he was sentenced as a second habitual offender, Mich. Comp. Laws § 769.10, to concurrent terms of 10 to 15 years of

imprisonment for each count of third-degree criminal sexual conduct and 50 days for each count of fourth-degree criminal sexual conduct. *See id.* at pp. 1, 59 (Pg. ID 1, 59).

Petitioner filed an appeal of right in the Michigan Court of Appeals, challenging his convictions on the ground that the admission of a telephone recording between he and the victim violated Michigan's eavesdropping statute in addition to his constitutional rights to privacy and to be free from unlawful searches and seizures. *See id.* at p. 57 (Pg. ID 57). The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Heim*, No. 332625 (Mich. Ct. App. July 18, 2017); *see* Dkt. No. 1, p. 56 (Pg. ID 56). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Heim,* 501 Mich. 977 (Mich. Feb. 20, 2018); *see* Dkt. No. 1, p. 97 (Pg. ID 97).

On July 5, 2018, Petitioner filed the pending habeas corpus petition. Dkt. No. 1. He raises this claim:

> Fourth Amendment constitutional right to be secure in my person, place and belongings and that no warrant shall issue for search or seizure without probable cause was violated by the Michigan State Police's warrantless recording of my phone calls.

*See id.* at p. 5 (Pg. ID 5).

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to

2

dismiss summarily any habeas petition that appears legally insufficient on its face").

Here, the habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

B.

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly

3

deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010), quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)) (Stevens, J., concurring)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

4

III.

Petitioner presents a single claim in his petition: that his Fourth Amendment rights were violated by the recording of a phone call between Petitioner and the victim without a warrant. *See* Dkt. No. 1, p. 5 (Pg. ID 5). This claim is not cognizable on federal habeas review and the petition will be dismissed.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). "Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich.2005).

Here, Petitioner objected to the admission of the recording in the trial court on state statutory grounds. *See* Dkt. No. 1, p. 57 (Pg. ID 57). His objection was overruled. *See id.* Petitioner then raised the Fourth Amendment claim on direct appeal. *See id.* The Michigan Court of Appeals considered and rejected this claim on plain error review. *See id.* at pp. 59-60 (Pg. ID 59-60). Petitioner makes no allegations that presentation of his Fourth Amendment claim was frustrated by a failure of the state court procedures for presentation of that claim. Accordingly, habeas relief is denied.

IV.

For the reasons stated above, the petition for a writ of habeas corpus is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, if Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/Gershwin A. Drain  
GERSHWIN A. DRAIN  
UNITED STATES DISTRICT JUDGE

Dated: September 17, 2018  
Detroit, Michigan

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 17, 2018.
+

s/Teresa McGovern  
Case Manager Generalist